MAHLON COTTRILL *v.* ABRAHAM VANDUZEN, OLIVER P. VANDUZEN
AND H. G. VANDUZEN.

When persons hold themselves out to the world as partners and conduct as such,
those dealing with them may hold them responsible as partners, though there
be no partnership in fact.

If any evidence be given before an auditor, which has a legal tendency to prove
a fact in controversy before him, his decision upon the weight and sufficiency
of the evidence is conclusive.

Where the auditor, in an action upon book account, has reported, that one of the
defendants so conducted in reference to the business of his co-defendants, who
were proprietors of a stage coach and team, as to entitle the plaintiff to hold
him responsible as a partner with them, and it appeared before the auditor,
that such defendant had sometimes driven the stage, and had purchased and
otherwise furnished some portion of the grain for the horses, and had written
letters to the plaintiff, respecting the account in suit, such as he would have
been expected to write, had he been in fact a partner, it was held, that the de-
cision of the auditor upon this point was conclusive.

The declarations of one of the defendants, in such case, that the defendants were
jointly interested in the business, are only admissible to establish his own lia-
bility, and cannot be received to charge his co-defendants.

BOOK ACCOUNT. Judgment to account was rendered, and an
auditor was appointed, who reported the facts as follows.

The account of the plaintiff was for keeping and boarding the
horses and driver of a stage coach, which run between Montpelier
and Warren. In the years 1838 and 1839 the defendant Abraham
Vanduzen, who resided in Warren, was the proprietor of the stage
in question, and the plaintiff kept the stage horses at his tavern, and
the bills therefor were paid by said Abraham. The stage was driven,
most of the time, by the defendant Oliver P. Vanduzen, a son of the
said Abraham, who became twenty one years of age in 1839. In
January, 1840, Oliver, who was still driving, informed the plaintiff,
that he and his father and his brother H. G. Vanduzen had be-
come jointly interested in the staging business; and the plaintiff,
after that, charged his account to "Vanduzen,"—having before
made his charges against "Abraham Vanduzen." This declaration
was proved by the testimony of the plaintiff alone. Oliver P. Van-

duzen died after the commencement of this suit. Oliver P. and H. G. Vanduzen lived with their father during the time of the accruing of the plaintiff's account, except that in May, 1841, H. G. Vanduzen removed to a farm a short distance from his father's. The stage was kept at said Abraham's, the same as before 1840 ; oats were raised on his farm for the horses, and oats were purchased for them on the father's credit. The father's farm horses were run a few times in the stage; and the property was put in the list as the father's. No notice was ever given to the plaintiff, that said Abraham was not concerned in the business. H. G. Vanduzen was employed more or less in the business, such as occasionally driving the stage, when Oliver could not, and sometimes purchasing oats ; but Oliver was the active man in the business. In July, 1841, in reply to calls by the plaintiff for payment, H. G. Vanduzen wrote two letters to the plaintiff,—the first of which was dated July 14, 1841, and was in these words ;—" Mr. Cottrill,—Sir : I take this opportu-" nity to inform you, that we shall be up to Montpelier in the course " of next week, and shall be able to pay you a part of the money " we are owing you, if not the whole. I hope you wo'n't be uneasy, " or worried. We have just received our drafts for the last quarter, " ending June, on the offices on the road, and the quarterly dues " from the government, on the quarter ending March, we have not " yet received. But as soon as we receive the quarterlies we will " settle and pay to your satisfaction, if we don't make out to settle, " when we are up next week." (Signed) " H. G. Vanduzen." The second letter was dated July 28, 1841, and was in these words ;—" Mr. Cottrill,—Sir : Enclosed I send you forty five dol-" lars, you will accept, and oblige us by waiting for the rest till we " have returns from government, when we will come up and settle " and pay you up. It is not convenient for us to come up, as I told " of last week." (Signed) " H. G. Vanduzen." Abraham and H. G. Vanduzen testified, that in January, 1840, Abraham sold the staging business to Oliver, and that after that time Oliver had the sole interest in the business and they had none; and evidence was presented upon both sides, upon the question whether there was a partnership between the defendants. In relation to the circumstances, under which the letters above mentioned were written, the principal testimony was that of H. G. Vanduzen, who testified, that

Cottrill *v.* Vanduzen et al.

Oliver was at that time engaged in driving a stage from Hancock and requested him to collect the drafts and settle matters; and that he knew of there being a balance due from his father, and perhaps his father requested him to write;—and the auditor reported, that this testimony was credited by him.  He also testified, that he did not know, how he came to use the terms " we, " &c., in the letters, but that he wrote as a mere agent.  The stage contract ended in July, 1841; after that Oliver was interested in a stage from Hancock to Middlebury, and he owned the stage from Warren to Hancock after January, 1840.  The plaintiff furnished a bill of his account, to July, 1840, to Abraham Vanduzen, made out as against him alone.  The auditor reported, that he did not find sufficient proof of a specific and definite partnership, or joint interest, in the staging business between the defendants; but that he was of opinion, that the plaintiff had a right to hold all of the defendants responsible, inasmuch as the business was conducted in the manner above stated, and *Abraham* and H. G. Vanduzen so held themselves out to the plaintiff, that the plaintiff had a right to give the credit to all the defendants, as he did.   And the auditor found a balance due to the plaintiff, subject to the opinion of the court upon the facts reported.

The county court, November Term, 1849,—Redfield, J., presiding,—rendered judgment for the plaintiff upon the report.   Exceptions by defendants.

*Heaton & Reed* for defendants.

The auditor does not find the fact of any actual partnership; but among the facts considered by him, and reported as the ground of his decision, is the declaration of Oliver P. Vanduzen to the plaintiff, that Abraham and H. G. Vanduzen were partners with him. This was incompetent testimony to establish for the plaintiff the sole issue made in the case. *McPherson* v. *Rathbone,* 7 Wend. 216. *Whitney* v. *Ferris,* 10 Johns. 66.    *Tuttle* v. *Cooper,* 5 Pick. 414. 2 Greenl. Ev. 398.  Without this, there is not sufficient to show any joint liability to the plaintiff.

Cottrill *v.* Vanduzen et al.

*Peck & Colby* for plaintiff.

The auditor finds, that the plaintiff gave credit to all the defendants, and that they held themselves out to him as jointly liable, and that the plaintiff had a right, from the acts, conduct and sayings of the defendants, so to regard them. All this is matter of fact; and an inference of fact, drawn by the auditor, cannot be re-examined in this court.

The opinion of the court was delivered by

POLAND, J. The auditor reports, that, from all the evidence in the case, he was unable to find, that the defendants were really partners between themselves, but does find, that they so conducted and held themseves out to the plaintiff, that he was justified in dealing with and giving credit to them as such.

No doctrine is more familiar, or better settled, than that, when persons hold themselves out to the world as partners, and conduct as such, persons dealing with them have a right to give credit to them and hold them responsible as partners, though there may be no partnership in fact. *Stearns* v. *Haven et al.*, 14 Vt. 540. In the present case the defendants do not deny, but that the evidence before the auditor was sufficient to show a liability against *Abraham* and O. P. Vanduzen, but they insist, that the auditor erred in finding H. G. Vanduzen liable. The only question for us to determine upon this report is, whether there appears to have been any evidence given before the auditor, which legally tended to show a liability against H. G. Vanduzen; for if there were, the sufficiency, or insufficiency, of the evidence to prove the fact was a matter resting wholly in the discretion and judgment of the auditor, and his decision of any question of *fact* upon the evidence is as final and conclusive, as the finding of facts by a court, or jury. Does the auditor's report show any evidence, having a legal tendency to show, that H. G. Vanduzen held himself out to the world as a partner, or jointly interested, in the stage business, out of which the plaintiff's account accrued? We think such evidence appears on the report.

In the first place the defendant H. G. Vanduzen was to some extent, at least, actually engaged in the stage business himself, and, during the time the plaintiff's account was accruing, actually drove the stage a portion of the time to and from the plaintiff's house in

Cottrill *v.* Vanduzen et al.

Montpelier to Warren.  In the second place, it appears from the report, that he bought and otherwise furnished, himself, some portion of the keeping for the horses, that were used in the stage business.  These acts of H. G. Vanduzen were clearly evidence tending to show, that he was a partner, or joint owner, and the performance of them must necessarily *tend* to induce a belief of the existence of such an interest in him;—how conclusive they would be would depend much upon the situation of the parties and other surrounding circumstances, to be judged of by the auditor.  In the third place, the letters of H. G. Vanduzen to the plaintiff not only have a tendency to show a joint interest and liability upon the writer of them, but they must be regarded, as we think, as testimony of a very conclusive character.  The language is entirely inconsistent with the notion, that the writer had no interest in the payment of the money to the plaintiff, but wrote merely by the request and procurement of some other person, who had the sole interest.  The testimony of the defendant H. G. Vanduzen, that the letters were really written by him as the agent of his brother O. P. Vanduzen, would not at all alter the impression the letters would give the plaintiff, nor his right to act upon the language contained in them.  It seems, then, clear, that there was evidence before the auditor tending to show such facts, as the auditor has found, and if so, we cannot disturb his decision upon the facts.

In relation to the defendants' objection to the admissions of O. P. Vanduzen, it is only necessary to say, that they were admissible for the purpose of establishing his liability, (though not to charge the other defendants,) and it does not appear, from the report, that the auditor gave any weight to such admissions, except against the party making them.

The judgment of the county court is affirmed.