(Decided June 1st, 1864.)

John Folk and Neri D. Smith, *vs.* Amon Wilson.

Partnership: Evidence.—Where, in an action against two persons as partners, evidence has been offered by the plaintiff of the partnership, by submitting to the jury a partnership notice published in the papers, the subsequent declarations and statements of one of the partners, though not made in the presence of, or communicated to the other, may be given in evidence as against the firm.

The course of dealing of individuals with a partnership, will not affect a person who is not shown to have had knowledge of such dealings, and where the dealings do not constitute such a reputation as would affect others making contracts with the firm.

A person dealing with a firm, and having no access to the books of the partnership, is not bound by any entries made in them.

Taking the individual note of one member of a firm, for merchandize sold to the firm, will not discharge the other members from liability therefor, unless such individual note is taken with an agreement and understanding, that the other members are to be discharged from such liability; and such agreement must appear affirmatively.

Folk & Smith, *vs.* Wilson.

The plaintiff offered evidence to the jury tending to show, that F. was the owner and occupier of a mill known as the "Pleasant Mill," prior to August 1853, running and using it as a merchant mill; and that the buying of grain was part of the business of said mill, as a merchant mill; that said F. then purchased grain, to be ground upon said mill, as part of his milling business; that an advertisement dated "Pleasant Mills, August 5th," was, in August 1853, published in the newspapers by the authority of said F., stating that he had taken into partnership in his milling business Mr. S., who would take upon himself the active duties of the business; that S. took charge of said mill at or about the time of publication of said advertisement, and attended to the business of said mill from that time until after the 1st day of August 1857; that the flour ground upon said mill was packed and sent to market in barrels, branded or marked with the joint names of F. & S., with the knowledge of F; and that said F. purchased grain that was brought to said mill for sale during the time said S. was there, and gave a note or due-bill signed by him in the name of F. & S., and that said F. afterwards took up and paid said note or due-bill; and that said F. also took up a note or due-bill given in the name of S., for corn delivered and sold at said mill, and gave in its place a note or due-bill signed by him in the name of F. & S., and that receipts in the name of F. & S., were given to the plaintiff for grain deposited at said mill. HELD:

That the facts so submitted to the jury, if found by them, were legal evidence from which they might infer not only a partnership, but also that the milling business conducted by F. & S. included the buying of grain to be ground by them at their mill.

———: ———: PRAYERS AND INSTRUCTIONS TO THE JURY.—A prayer offered by the defendants, who were sued as partners, segregating the two instances tending to negative a partnership mentioned in the prayer, and asking the Court's instruction thereon, and excluding from the jury other evidence which might have induced the plaintiff to believe the defendants were partners, is calculated to mislead the jury.

———: ———: VENDOR AND VENDEE.—Where the plaintiff deposited merchandize with a firm, taking a receipt therefor in the name of the firm, and afterwards sold the merchandise so deposited, and at the same time surrendered and gave up to said firm the said receipt, and received for said merchandise the individual note of a member of the firm, on said sale, such note is not evidence as to who were the parties vendor and vendee in said sale, or such evidence as cannot be added to contradicted or varied by parol testimony.

———: ———: RELEASE.—The taking the *negotiable* notes of S. under the above circumstances, it appearing that S. had become insolvent, and that the notes were in fact in the possession of the plaintiff, (the payee,) and produced at the trial, and were not relied on as the cause of action, but were given in evidence merely to show the balance due on the sale of the merchandize, will not operate a discharge of F., as he could, under the circumstances, suffer no injury from the *negotiable* character of the notes.

APPEAL from the Circuit Court for Washington County :

This suit was instituted by the appellee against the appellants, on the 20th of June 1859, in the Circuit Court for Allegany County, whence it was removed to Washington County.

The plaintiff sued in *assumpsit* for wheat sold by him to the appellants as partners, and also for wheat sold to them as partners by Amon Wilson, who assigned his claim to the plaintiff.

The plaintiff offered in evidence the following notice, dated "Pleasant Mills, August 5th."

"*Partnership Notice:*—I have this day taken into partnership in my milling business, Mr. Neri D. Smith, who will take upon himself the active duties of the business.

JOHN FOLK."

Which notice was published in a newspaper printed in the town of Cumberland, in August 1853, and having general circulation in Allegany County. He then gave in evidence certain receipts for grain given in the year 1856, in the name of "Folk & Smith," some to Amon Wilson and others to the plaintiff; which receipts were in the possession of, and produced by the defendant, Folk, upon notice served upon him to produce them. The plaintiff then gave in evidence certain conversations with Smith & Folk; and then offered in evidence certain statements of Smith tending to affect his partner Folk, but which were not made in the presence of or communicated to the latter. To this latter evidence the defendant objected, but the Court (PERRY, J.) overruled the objection and admitted the evidence; which ruling forms the ground of the *first exception.*

The *Second Exception* is similar in character to the *first.*

*Third Exception.* After other evidence introduced by the plaintiff, the defendant Folk offered certain articles of partnership in evidence, and then offered to prove by sundry witnesses that they were all customers at the mill in question, during the time of the alleged partnership, be-

tween said Folk and Smith, and that they were in the habit of selling their grain, and did sell their grain at said mill during said time to Neri D. Smith, and that they never knew or heard that John Folk had any thing to do with the buying of the grain, or that the partnership between him and Smith extended to that business. To the admission of this evidence, the plaintiff objected, and the Court sustaining the objection, the defendant excepted.

*Fourth Exception.* The defendant Folk then offered in evidence the books containing the co-partnership accounts and transactions, for the purpose of showing the course, manner and habit of dealing, of said co-partners, and that they embrace no transaction of buying wheat; and also for the purpose of showing that after the plaintiff and Amon Wilson had surrendered the joint receipts held by them for their wheat, and taken therefor the separate note of said Neri D. Smith, the said Neri D. Smith obtained credit and payment from his co-partner for the same in a settlement made between said co-partners; and offered to prove that said books were the books of the said firm of Folk & Smith, and the only books kept by said firm, and that the settlement contained in said books between the said co-partners is signed by both of said co-partners; and that said settlement so signed by both of said co-partners, as found in the books and now offered in evidence, was in the said books as the same now appears therein before this suit was brought. To the admission of which evidence the plaintiff objected, and the Court sustaining the objection, the defendant excepted.

*Fifth Exception.* After certain other evidence was offered by the defendant, the plaintiff offered the following prayer:

*Plaintiff's Prayer.* The plaintiff by his counsel prays the Court to instruct the jury, that if they shall find from the evidence in the cause that John Folk was the owner and occupier of the mill known as the "Pleasant Mill," prior to August 1853, running and using it as a merchant mill, and that the buying of grain was part of the business of

said mill as a merchant mill; that said Folk then purchas-
ed grain to be ground upon said mill as part of his mill-
ing business, that the advertisement in the newspaper,
now in evidence, was published by the authority of said
Folk; that Neri D. Smith took charge of said mill at or
about the time of publication of said advertisement, and
attended to the business of said mill from that time until
after the 1st of August 1857; that the flour ground upon
said mill was packed and sent to market in barrels branded
or marked with the joint names of Folk and Smith, with
the knowledge of Folk; and that said Folk purchased grain
that was brought to said mill for sale during the time said
Smith was there, and gave a note or due bill signed by
him in the name of Folk & Smith; and that said Folk af-
terwards took up and paid said note or due-bill; and that
said Folk also took up a note or due-bill given in the name
of Neri D. Smith, for corn delivered and sold at said mill,
and gave in its place a note or due-bill signed by him in
the name of Folk & Smith; that the receipts for the de-
livery of wheat now in evidence in the cause, were given
to the plaintiff and Amon Wilson for wheat delivered in
said mill by them respectively; then they may' find that
the said Folk and Smith were partners in said milling
business, and that said milling business included the buy-
ing of grain to be ground upon said mill. And if they
shall so find, and shall also believe from the evidence in
the cause, that the wheat in controversy in this cause was
sold to Folk & Smith by the plaintiff, and by Amon Wil-
son, and that Amon Wilson assigned and transferred all
his right and interest in the wheat so sold by him to Folk
& Smith to the plaintiff, before the commencement of this
suit; then the plaintiff is entitled to recover, although they
shall also find that the plaintiff and the said Amon Wil-
son each took the individual note of said Smith for the
wheat so sold by them respectively, at the time of said
sale, unless they shall also believe that the said individual
notes of Smith were taken by the said parties respectively,

with an agreement and understanding that Folk was to be discharged from liability for the same.

The defendant then offered nine prayers, of which the 1st, 3rd, 4th and 8th were granted in the Court below, and not being included in this appeal, are omitted. The defendant's 2nd, 5th, 6th, 7th and 9th prayers, were as follows :

*Defendant's 2nd Prayer.* The defendant, John Folk, by his counsel, prays the Court to instruct the jury, that if they shall believe from the evidence in the cause, that a partnership in the milling business did exist at the times of the said alleged sales of wheat by the said plaintiff and the said Amon Wilson, but that the said partnership did not embrace the buying of wheat, that then the two instances or transactions testified to by Nathan Wilson in relation to the notes or due bills purchased by him, (if the jury shall find the same to have been so purchased,) are not evidence, nor is either of them evidence, to prove that the plaintiff or said Amon Wilson were deceived thereby, or induced to believe that the said defendant and Neri D. Smith were in partnership in buying grain.

*Defendant's 5th Prayer.* The defendant, John Folk, by his counsel prays the Court to instruct the jury, that if they shall believe from the evidence, that the wheat in controversy was deposited by the plaintiff and Amon Wilson in the mill then occupied by the said Folk & Smith, and that as it was so deposited the plaintiff and the said Amon Wilson received the several receipts, as offered in evidence, of Folk & Smith, as the evidence of their said several deposits on the terms stated in said receipts, and if the jury shall further find that afterwards the plaintiff and the said Amon Wilson, sold the wheat, and at the time of the said sale surrendered and gave up to the said Folk & Smith the said receipts, and received for said wheat the individual note of Neri D. Smith, on said sale, as offered in evidence, that then the said note is evidence as to who were the parties vendor and vendee in said sale, and cannot be added to, contradicted or varied, by parol testimony.

*Defendant's 6th Prayer.* The defendant, John Folk, by his counsel prays the Court to instruct the jury, that if they shall believe from the evidence in the cause, that the plaintiff and the said Amon Wilson, at the time they respectively sold the wheat in controversy, (if they shall find that they did sell the said wheat,) knew that John Folk was a partner of the said Neri D. Smith, and that they gave up the receipts of the said Folk & Smith at the time of the said sale, and took the individual notes of the said Neri D. Smith, which have been offered in evidence, for the price of the said wheat, it is evidence from which the jury may find an election on their part to take the said Neri D. Smith as the sole debtor; and if they so find, the said plaintiff cannot in this action recover against the said John Folk.

*Defendant's 7th Prayer.* The defendant, John Folk, prays the Court to instruct the jury, that if they shall believe from the evidence in the cause, that the plaintiff and Amon Wilson deposited the wheat for which the plaintiff is now seeking to recover, in the mill occupied by Folk & Smith, and that they respectively received from said Folk & Smith the receipts for the said wheat offered in evidence by the plaintiff, and that afterwards the plaintiff and said Amon Wilson severally sold the said wheat and surrendered the said joint receipts, and took and accepted for the same the individual notes of the said Neri D. Smith, as offered in evidence, that these facts are evidence that the said wheat was sold to the said Neri D. Smith, on his sole responsibility, and that the said John Folk is not responsible for the same.

*Defendant's 9th Prayer.* The defendant, John Folk, by his counsel, prays the Court to instruct the jury, that if they shall believe from the evidence in the cause, that the plaintiff and Amon Wilson at the several times at which they delivered the said wheat at the mill then occupied by the said Folk & Smith, received the receipts signed Folk & Smith, as offered in evidence, (if the jury shall find that

they did so deliver said wheat and receive said receipts,) and that afterward the said plaintiff and Amon Wilson sold the said wheat, and at the time of said sale received for the same the individual negotiable notes of Neri D. Smith, above as offered in evidence, and at the same time gave up the said receipts signed Folk & Smith, then their verdict must be for the defendant.

The Court (PERRY, J.) granted the prayer of the plaintiff, and also the 1st, 3rd, 4th and 8th prayers of defendant, and rejected the 2nd, 5th, 6th and 7th and 9th prayers of the defendant, to which ruling of the Court, granting the prayer of the plaintiff, and refusing to grant the 2nd, 5th, 6th, 7th and 9th prayers of defendant, the defendant excepted.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Thos. J. McKaig,* for the appellants :

1st. The appellant, Folk, insists, that the evidence was not admissible. The second exception raises the same question. 2 *Greenleaf's Ev.,* sec. 484. *McPherson vs. Rathbon,* 7 *Wend.,* 216. *Whitney vs. Ferris,* 10 *John.,* 66. *Owings vs. Low,* 7 *H. & J.,* 129.

2nd. The appellant insists that the testimony referred to in the 3rd exception, was legal and proper to rebut the presumption that the plaintiff could have been deceived, or could have believed that he was selling his wheat to Folk & Smith, and not to Smith individually, or that Folk, by his acts or by his advertisement, had held himself out to the public as a partner of Smith in the purchase of wheat. *Sharpe vs. Gilson,* 2 *Esp. N. P. Rep.,* 525. *Bryden vs. Taylor,* 2 *H. & J.,* 400. *Bernard vs. Torrence,* 5 *G. & J.,* 390, opinion, page 405. *Carter vs. Whalley,* 1 *Barn. & Adol.,* 11. *Young vs. Spencer,* 10 *B. & C.,* 128. *Holliday vs. McDougal,* 20 *Wend.,* 89. *Collyer on Part.,* (*New Ed.*) 670, top. 2 *Greenleaf's Ev.,* sec. 483.

Folk & Smith, *vs.* Wilson.

3rd. The appellant insists, that the evidence referred to in the 4th bill of exceptions, ought to have been received, because the plaintiff, by his giving up the receipts of Smith & Folk, and taking Smith's note, thereby enabled Smith to get credit for the wheat with Folk, said nothing until Smith became insolvent, and then brought this suit. If the plaintiff can succeed in this suit, he takes advantage of his own wrong, and compels Folk, who is guilty of no wrong or negligence, to pay a second time for the wheat. *Muldon vs. Whitlock,* 1 *Cowen,* 290. *Reed vs. White,* 5 *Esp. N. P. Rep.,* 122. *Wyatt vs. The Marquess of Hertford,* 3 *East.,* 147. *Cheever vs. Smith, et al.,* 15 *John.,* 276.

4th. The plaintiff's prayer ought not to have been granted:

1st. Because, from two isolated instances, *never communicated to the plaintiff,* and known only to each witness respectively, the Court instructs the jury that they may find that the partnership embraced the general buying of wheat, in the face of the positive proof, by the articles of agreement, that it did not embrace the purchase of wheat.

2nd. Because the original liability of Folk & Smith on the receipts, was a bailment for which Wilson could not recover on this *nar.* The only evidence of the sale was the individual note of Smith, which is conclusive as to who is buyer and who is seller, and cannot be contradicted by parol evidence. *Osgood vs. Lewis,* 2 *H. & J.,* 521, 522. *Batturs vs. Sellers & Patterson,* 5 *H. & J.,* 117. *Id.,* 6 *H. & J.,* 249. *Story on Part.,* secs. 134, 140, 145, 146, note 1.

3rd. Because they claim that they knew at the time of the sale that Folk was a partner, and yet they gave up the joint liability and took Smith's individual note, whereby he was enabled to obtain credit on the books of the partnership, yet the plaintiff, by this instruction, is entitled to recover. *Paterson vs. Gandasequi,* 15 *East.,* 62. *Muldon vs. Whitlock,* 1 *Cowen,* 290.

4th. The Court erred in rejecting the defendant's 2nd prayer. 2 *Greenleaf's Ev.,* sec. 483, and authorities in note 2.

5th. The defendant's 5th prayer ought to have been granted, for the reason and upon the authorities referred to in the appellant's 2nd reason and 3rd point on the plaintiff's prayer.

6th. The defendant's 6th and 7th prayers ought to have been granted, for the reason and upon authorities cited in *Muldon vs. Whitlock*, 1 *Cowen*, 290. *Story on Part.*, secs. 134, 140, 145, 146, note 1.

7th. The defendant's 9th prayer ought to have been granted, because the note of Smith, received upon the sale of the wheat, was a negotiable note, and a higher security, or of higher dignity, than the original undertaking or cause of action.

*J. H. Gordon*, for the appellee :

1st. The evidence in the first and second bills of exceptions, was rightfully admitted to prove the partnership and its extent.

2nd. The testimony of Kean and others, in the third bill of exceptions, was properly excluded. What these parties did, and what they understood or knew, could not change the partnership, or have a binding effect upon the plaintiff, who had no notice of it.

3rd. The evidence offered as stated in the fourth bill of exceptions was properly excluded, because to admit such evidence would be no less than allowing the defendants to manufacture evidence for themselves.

4th. The plaintiff's prayer correctly presents the law of the case, and was rightfully granted. Because the evidence stated in the prayer is sufficient to justify the inference of the partnership and its extent, as prayed. And because the partnership being proved, the note given in the name of Smith alone did not release the firm from responsibility, unless they were taken with an agreement, that the firm should be released and discharged. *Glenn vs. Smith*, 2 *G. & J.*, 493, 495, 508, &c. *Schermerhorn vs. Loomis*, 7 *John. Ch. Rep.*, 311, 313. *Johnson vs. Weed*, 9 *John. Ch. Rep.*,

310.   Md. & N. Y. Iron & Coal Co., vs. Wingert, 8 Gill, 170, 176, &c.

5th. The prayer of the plaintiff, and the 1st, 3rd, 4th and 8th prayers of the defendant, were granted, and contain a full, clear and complete statement of the points of law involved, in the case. And therefore the Court was right in rejecting the other prayers of the defendant on the points ruled in the prayers granted, because the defendant was not injured by the rejection. Mut. Ins. Co., vs. Cohen, 3 Gill, 459, 478, &c.   New York Life Ins. Co., vs. Flack, 3 Md. Rep., 341, 352, &c.   Keener vs. Harrod & Brooks, 2 Md. Rep., 63, 65 and 73. 74.   Coates & Glenn, vs. Sangston, et al., 5 Md. Rep., 121. Key vs. Dent, 6 Md. Rep., 142, 144, 150.   Stokes vs. Saltonstall, 13 Peters, 190 191.

6th. The defendant's 2nd prayer was rightfully rejected, because it withdraws two facts from the mass of evidence in the case, tending to show that Folk had held himself out as a partner in buying grain, and prays the Court to instruct the jury as to the effect of these two facts, and was therefore calculated to mislead the jury. Clements vs. Smith's Admr., 9 Gill, 158, 159 and 160.

7th. And because the Court had, by granting the defendant's 1st prayer, told the jury that they could not find for the plaintiff, unless they were satisfied that the grain in controversy had been sold to Folk & Smith, and not to Smith individually, which instruction excludes the possibility of Folk being liable upon any other ground than a partnership, co-extensive with the purchasing of grain, which instruction was more favorable to the defendant than that contained in his 2nd prayer, and he was therefore not injured by the ruling on that point. Keener vs. Harrod & Brooks, 2 Md. Rep., 36, 73 and 74.

8th. The 4th prayer of the defendant is a full and fair explanation of the legal effect of the individual notes given by Neri D. Smith, to the plaintiff and Amon Wilson, and there is therefore no error in refusing to grant the 5th, 6th

and 7th prayers on the same subject. See *Glenn vs. Smith*, 2 *G. & J.*, 508, &c., also authorities cited on the 4th point.

The 5th prayer is also bad, because the clause, "And cannot be added to, contradicted or varied by parol testimony," at the end of the prayer, is improper, there being no attempt to add any thing to or contradict the note; it was only received as a mode of payment of a contract made with the firm, as shown by *Glenn vs. Smith*, and the prayer is also calculated to mislead the jury.

The 6th prayer is also bad for the same reason, that it might mislead the jury, and the principle of it is fully and better stated in the 4th.

The 7th prayer is also bad for the same reasons as the 5th and 6th.

9th. The 9th prayer was properly rejected, because it goes upon the principle, that the receipt of the individual notes of Smith are conclusive evidence that the wheat was sold to him, and not to Folk & Smith.

GOLDSBOROUGH, J., delivered the opinion of this Court:

The appeal in this case was taken from the ruling of the Circuit Court for Wasington County, in admitting the plaintiff's evidence contained in the defendant's first and second exceptions, and rejecting the evidence mentioned in his third and fourth exceptions; also in granting the plaintiff's prayer; and rejecting the defendant's second, fifth, sixth, seventh and ninth prayers, referred to in the fifth exception.

The points involved in the first and second exceptions, may be considered together, as both depend upon the question, whether the declarations of the appellant Smith to Amon Wilson, out of the presence of John Folk, the other appellant, and not communicated to him, could be offered to bind Folk. The appellants rely on *2nd Greenleaf on Ev.*, sec. 484, and *Owings vs. Low*, 7 *G. & J.*, 129, to sustain this proposition; and it may be conceded, as stated in the case referred to, "that the admission of one defendant·

is not evidence to charge another defendant with the fact of being a partner with him." Yet when, as in this case, evidence had been offered by the appellee of the partnership, by submitting to the jury the partnership notice mentioned in the record, which notice was prior to the declarations of Smith objected to, we find it expressly stated in *Collier on Partnership*, 454, that "as soon as evidence of the partnership is established, the *acts, admissions* and *declarations* of one partner, in matters relating to the affairs of the partnership, will be evidence against the firm." See also 1 *Greenleaf on Ev.*, *sec.* 198, and the authorities cited by the appellee in support of this proposition.

In addition to the declarations of Smith, stated in the second exception, the witness testified to facts within his own knowledge, which were clearly admissible, and the objection being general, it contravened the rule, that where any of the evidence offered is admissible and the objection goes to the whole, the objection is untenable. The evidence in these exceptions was not offered to establish a *partnership*, but to show the course of dealing, and the incidents connected with the purposes of the partnership named in the advertisement. This view is recognized by the Circuit Court, as will be seen by reference to the qualification of the Court at the conclusion of the second exception. The propriety of admitting this evidence is also sustained by the fact, that the receipts given for the wheat were in the partnership name, were found in the possession of the appellant Folk, and, upon notice, were produced by him and given in evidence before the examination of the witness Wilson.

We therefore think the Circuit Court properly admitted the evidence contained in the first and second exceptions.

The evidence contained in the third exception was inadmissible. The course of dealing of the individuals named in this exception, could in no manner affect the appellee. It is but negative testimony, and there is nothing to show that the appellee had any knowledge of their deal-

ings with the appellants, nor did the dealings of those individuals constitute such a reputation as would affect others making contracts with the appellants.

The evidence mentioned in the fourth exception was also inadmissible. The appellee had no access to the books of the partnership, was not bound by any entries made in them. They were *res inter alios acta,* and if any deduction can be drawn from them, it was to establish the joint responsibility of the appellants as partners, evidenced by their settlement embracing the receipts above referred to. In reference to the prayers in the fifth exception, we have carefully considered them. We see no legal objection to the prayer of the appellee.

In our opinion the facts submitted to the jury, if found by them, were legal evidence from which they might infer, not only the partnership, but also that the milling business conducted by the appellants, included the buying of grain to be ground at the appellant's mill. And we also think that the Circuit Court correctly instructed the jury, that though the appellee and Amon Wilson took the individual notes of Smith for the wheat mentioned in the prayer, the firm was not exempt from liability therefor, unless there was an agreement and understanding to that effect. See 2 *G. & J.,* 508. 8 *Gill,* 176. 7 *Johns. Ch. Rep.,* 313.

The appellant's second prayer could not have been granted. The segregation of the two instances mentioned in the prayer, and asking the instruction thereon, excluded from the jury other evidence which may have induced the Wilsons to believe the appellants were partners, and was therefore calculated to mislead the jury. The point embraced in the fifth prayer, that the notes taken by the Wilsons are "evidence as to who were the parties vendor and vendee, and could not be *added to, contradicted or varied by parol evidence,*" could not legally have been sanctioned by the Court, and was properly refused. The rule relied on has no application to this case.

The sixth and seventh prayers were objectionable, because they both omit the important qualification, that it must appear affirmatively that there was an agreement and understanding on the part of the Wilsons in taking the individual notes of Smith, that Folk should be discharged from liability in the purchase of the wheat,—the necessity of which we have recognized in treating of the appellee's prayer. The only difference between the ninth prayer and the sixth and seventh, is found in the proposition, that if the Wilsons received the individual *negotiable* notes of Smith, and gave up the receipts signed Folk & Smith, then the verdict of the jury must be for the defendant.

This prayer was properly rejected in view of the evidence. It appearing that Smith had become insolvent, that these notes were in fact in the possession of the appellee, and produced at the trial, and not relied on as the cause of action, but given in evidence merely to show the balance due on the sale of the wheat; therefore the appellants could suffer no injury from their negotiable character.

Having thus sanctioned the ruling of the Circuit Court in regard to all the exceptions, the judgment must be affirmed.

*Judgment affirmed.*

(Decided June 1st, 1864.)