Maxwell, J.
The defendant in error (plaintiff in the court below) commenced an action in the district court of Otoe county against Joel N. Converse, William Denison, Joseph T. Thomas, Benjamin E. Smith, Henry Hill, Hugh J. Jewett, S. D. Gray, Dwight J. McCann, Henry C. Lett, and Henry M. Atkinson, defendants, alleging that “they were part *379 ners doing business under the name and style of Converse, McCann & Co., and that as such partners were engaged in the grading, building and construction of a certain railroad in tbe State of Nebraska, known as the Brown-ville, Eort Kearney and Pacific Rail Road, under and pursuant to a certain contract before that time entered into between tbe said defendants and said railroad company for that purpose. That on or about tbe twenty-sixth day of January, 1872, a certain suit was commenced by the Atchison and Nebraska Rail Road Company as plaintiff, against the Brownville, Eort Kearney and Pacific Rail Road Company and W. IT. James, acting governor of the State of Nebraska, as defendants, in the district court of Lancaster county, to recover the title to, and possession of, twenty thousand acres of land, which had been conveyed and patented by the State of Nebraska to the Brownville, Eort Kearney and Pacific Rail Road Company, and which lands the defendants in this action had contracted for, and were to have and receive for the grading, building and completion of the railroad of the said Brownville, Eort Kearney and Pacific Rail Road Company, in pursuance of said contract, and as part payment therefor, and had claimed an interest therein, and that for the purpose of protecting their right and interest in said lands they, the said defendants in this action, afterwards, to-wit: On or about the first day of February, 1872, in consideration that the plaintiff at the request of the said defendants in this action, had agreed to appear and act as one of the attorneys of the Brown-ville, Fort Kearney and Pacific Rail Road Company in defense of said suit for a reasonable reward and compensation, to be paid therefor by the said defendants in this action, become, and was, and acted as one of the attorneys of the said Brownville, Fort Kearney and Pacific Rail Road Company, in the defense of said suit, ■ and as such, and at the request of said defendants in this *380 action, did diligently attend to the defense thereof, until the same was finally ended and determined, at the April term 1872, of said court. Said suit was determined in favor of the defendants in this suit; that the services so rendered by the plaintiff to the defendants at their request, were reasonably worth the sum of §2500, for which he prays judgment.” The defendants answered the petition of the plaintiff denying all the facts stated therein.
On the trial, the jury found a verdict against all the defendants, except ITenry C. Lett, for the sum of $1,250. Defendants filed a motion for a new trial, which was overruled by the court, and judgment rendered on the verdict.
The only testimony offered by the plaintiff on the trial of the cause in the court below, to establish the existence of the partnership of the defendants, consisted of certain statements made, by McCann to the plaintiff, that the defendants herein constituted the firm of Converse, McCann & Co., and copies of certain letters written by Shambaugh to Converse asking for his fees.
The rule is well settled that when a number of persons have associated themselves together in the joint prosecution of a common enterprise, as in ordinary partnerships, that the acts or contracts of one partner, with reference to the partnership business and affairs, are to be deemed the acts or contracts of all. And when the existence of the partnership is admitted, or otherwise established, the admission of one of the partners as to any matter between the firm and another party, is to be received as evidence against all the partners. But where the existence of the partnership is denied, and there is proof to establish its existence, then the admission of a party that he is a partner, affects him alone, and such admission is no evidence of the existence of the partnership, so as to create a liability against the others. McPherson v. Rathbone, *381 7 Wend., 216. Nelson v. Lloyd, 9 Watts., 22. Cottrill v. Vandusen, 22 Vt., 511. Whitney v. Ferris, 10 Johns., 66. Jennings v. Estes, 16 Me., 323.
The existence of a partnership may be proved by the separate admissions of all who are sued, or by the acts, declarations, or conduct of the parties. Welsh v. Speakman, 8 W. & L., 257; but the simple statement of one claiming to be a partner, is not sufficient to establish that fact. There being no proof of the partnership of the defendants the cause is reversed, and a new trial awarded.
Reversed and remanded.