D. J. McCann, PLAINTIFF IN ERROR, v. R. L. McDonald & Co., DEFENDANTS IN ERROR.

1. **Partnership**: PRACTICE. M. and S. were sued as surviving partners of the firm of R. & Co. No service was had upon S. Upon the trial of the cause, testimony was introduced tending to prove that M. was a member of the firm at the time of the death of R., but it appeared that S. was not a member at that time. *Held*, that the evidence against M. was sufficient to sustain the allegations of the petition, and that the failure to connect S. with the firm would not prevent a recovery against M.

2. **Verdict.** The verdict of a jury, where the evidence is conflicting, will not be set aside on the ground that it is against the weight of the testimony, unless it is clearly so.

3. **Witnesses.** The question of the credibility of the witnesses is alone for the jury to determine.

4. **Partnership.** Where the existence of a partnership is denied, and there is no evidence to establish its existence, the statement of a party claiming to be a partner binds no one but himself; but this rule has no application where there is testimony establishing the existence of the partnership. *Converse v. Shambaugh*, 6 Neb., 376.

THIS cause came up on error from Otoe county. It was tried there before POUND, J., and a jury.

*E. F. Warren*, for plaintiff in error.

The declarations of Rider as to who composed the firm are clearly inadmissible to charge McCann. *Pleasants v. Fant*, 22 Wall, 116. *Converse v. Shambaugh*, 4 Neb., 376. *McPherson v. Rathbone*, 7 Wend, 216. *Nelson v. Lloyd*, 9 Watts, 22. *Cottrell v. Van Dusen*, 22 Vt., 511. *Jennings v. Estes*, 16 Me., 233. *Lambert v. Smith*, 1 Cranch C. Ct., 361. *Thompson v. Richards*, 14 Mich., 172. *Bank v. Moore*, 13 N. H., 99. *Pierce v. McConnel*, 7 Blackf., 170. *Tuttle v. Cooper*, 5 Pick., 414. *Dutton v. Woodman*, 9 Cush., 255, and

22

cases *ad infinitum.* A declaration by one of two joint parties that the other was not his partner at the time of the alleged contract is admissible evidence. *Starke v. Kenan,* 11 Ala., 818. In an action against a partnership, the declarations of a partner, made before difficulty arose, and under indifferent circumstances, are receivable to show that a co-defendant was not a member of the partnership. *Danforth v. Carter,* 4 Iowa, 230.

*G. W. Covell,* for defendants in error.

Where an ostensible or known partner retires from the firm he will still remain liable for all the debts and contracts of the firm, as to all persons who have previously dealt with the firm and have no notice of his retirement. Collyer on Partn., 2, 368 to 371, 2d edit. Gow on Partn., 240 to 252, 3d edit. 2 Bell Comm., 640, 5th edit. *Clapp v. Rogers,* 2 Kernan, 283. *Pope v. Risley,* 23 Missouri, 185. Story on Partn., 215. *Deering v. Flanders,* 49 N. H., 225. *Zollar v. Janvrin,* 47 N. H., 324. *Kenney v. Atwater,* 77 Pa., 34. *Lyon v. Johnson,* 28 Conn., 1. *Carmichael v. Greer,* 55 Ga., 116. All the partners may be bound after the dissolution of the partnership by a contract made by one partner, in the usual course of business, and in the name of the firm, with a person who contracted on the faith of the partnership, and had no notice of the dissolution. *Hunt v. Hall,* 8 Ind., 215. To affect the rights of one dealing with a partnership firm, actual notice of its dissolution must be brought home to him. *Johnson v. Totten,* 3 Cal., 343. *Page v. Brant,* 18 Ill., 37. *Williams v. Bowers,* 15 Cal., 321. *Ennis v. Williams,* 30 Ga., 691. *Vernon v. Manhattan Co.,* 17 Wend. (N. Y.), 524. *Conro v. Port Henry Iron Co.,* 12 Barb., 27. *Fettrech v. Armstrong,* 5 Robt., 339. *Williams v.*

*Birch*, 6 Bosw., 299. *Little v. Clark*, 36 Pa. State, 114. *White v. Murphy*, 3 Rich. (S. C.), 369.

MAXWELL, J.

In the year 1874 the defendants in error brought an action against the plaintiff herein, in the district court of Otoe county, to recover the sum of $1,516.80. The petition was afterwards amended, and the action brought against the plaintiff herein and one W. W. Smith, as surviving partners of the firm of O. S. Rider and Company. No service was had upon Smith. The plaintiff in error answered the petition, denying all the facts therein stated.

In 1876 the case was tried to a jury, and a verdict rendered against the plaintiff in error for the full amount claimed in the petition. The cause is brought into this court by petition in error.

The plaintiff insists that the proof fails to show that McCann *and Smith* were surviving partners of O. S. Rider and Company. And therefore the proof that McCann was a partner does not sustain the allegations of the petition. It is a sufficient answer to this objection to say, that there is proof tending to show that McCann was a partner in the firm of O. S. Rider and Co., and therefore liable for the payment of the partnership debts. McCann claims that the partnership was dissolved on the first day of June, 1871, and that, at that time, he ceased to be a member of the firm. The sole question, therefore, for the consideration of the court is, does the testimony show that McCann was *in fact* a member of the firm of O. S. Rider and Co. after the first day of June, 1871? If it does, the judgment must be affirmed. If not, the judgment must be reversed.

McCann testifies that the partnership ceased on the

first day of June, 1871, he having on that day sold his interest therein to his partner, O. S. Rider, for the sum of $5,000, and that he received a note therefor, signed O. S. Rider and Co., which note he endorsed and had discounted at the Nebraska City National Bank. And that the note of O. S. Rider and Co., for $5,000, held by the bank, was received by him from Rider on the sale of his interest in the firm, and was not given by the firm while he was a member thereof.

W. W. Bell, who was vice-president of the Nebraska City National Bank in the year 1871, testifies that the plaintiff was at that time president of the bank, and that between the first day of August, 1871, and the first day of January, 1872, he (the plaintiff in error) told him that he was a member of the firm of O. S. Rider and Co. And that *after* August 1st, 1871, the bank discounted two notes for O. S. Rider and Co., one for $5,000 and one for $925, the plaintiff in error signing O. S. Rider & Co.'s name to the notes and presenting them himself for discount. He also testifies that after August 1st, 1871, the plaintiff in error told him that he had $5,000 in the firm of O. S. Rider and Co., and also about January or February, 1872, plaintiff in error told him that O. S. Rider and Co. owed him (plaintiff) $1,000 for his share of the profits for the year's business.

Mary H. Rider testifies that she was the wife of O. S. Rider; that she was in the store of O. S. Rider & Co. from 1867 to 1872, and saw the books and helped tend the store, and that she had no knowledge of the dissolution of the firm in 1871.

J. W. Latham testifies that in 1872 the plaintiff in error told him that he had a (business) house in Shenandoah, Iowa, and that witness might perhaps make some arrangements with them (to sell plows); he did not know how they were stocked up.

George L. Worley, cashier of the Nebraska City Na-

tional Bank, produced the book in which the discounts of the bank were entered, from which it appears that the bank discounted the notes of O. S. Rider and Company heretofore referred to on the fourteenth day of August, 1871. There is other testimony tending to prove the existence of the partnership, to which it is unnecessary to refer. The plaintiff in error endeavored to explain several of these transactions, so as to make it appear that he was not a member of the firm after the first day of June, 1871. The question of the existence of the partnership is purely one of fact, and was properly submitted to the jury. The question of the credibility of the witnesses is alone for the jury to determine. The rule is well settled that the verdict of a jury, where the evidence is conflicting, will not be set aside on the ground that it is against the weight of testimony, unless it is clearly so. But in this case there is a clear preponderance of testimony in favor of the verdict.

The instructions asked by plaintiff's counsel were not applicable to the testimony, and were properly refused. As to the declarations of Rider, that the plaintiff in error was a member of the firm of Rider & Co., it is sufficient to say that where the existence of a partnership is denied, and there is no evidence to establish its existence, the statement of a party claiming to be a partner binds no one but himself. *Converse v. Shambaugh*, 4 Neb., 376. But this rule has no application where there is testimony establishing the existence of the partnership.

From a careful examination of the testimony it is apparent that the verdict is fully sustained by the evidence. It is also apparent that no error, prejudicial to the plaintiff in error, has occurred on the trial of this cause. The judgment must therefore be affirmed.

In affirming the judgment we place no reliance whatever on the fact that, if the firm was dissolved, as

claimed by McCann, on the first day of June, 1871, no notice of the dissolution was given or brought to the knowledge of the defendants in error, as they have entirely failed to make a case that would entitle them to recover on that ground alone.

JUDGMENT AFFIRMED.