CHARLES C. RAINWATER *et al.*, Respondents, v. H. B. BURR *et al.*, Defendants; GEORGE C. BURR, Appellant.

St. Louis Court of Appeals, December 5, 1893.

1. **Partnership:** COMPETENCY OF DECLARATIONS OF ALLEGED COPARTNER. The declarations of one member of an alleged partnership in reference to its business are admissible against another, when the existence of the partnership between them has been established *aliunde* by substantial evidence.

2. **Practice, Trial:** WEIGHING THE EVIDENCE. This court will not weigh the evidence in an action at law, when there is a substantial conflict in it.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

AFFIRMED.

*R. H. Kern* for appellant.

(1) The court committed error in admitting the testimony of Rainwater to the effect that, when he sold the goods in dispute to H. B. Burr, he represented to him that appellant, George Burr, was his partner. *Cole v. Butler*, 24 Mo. App. 76; Bates on Partnership, sec. 95; *Rimel v. Hayes*, 83 Mo. 200; *Campbell v. Hastings*, 29 Ark. 526; *Thompson v. Bank*, 111 U. S. 529. (2) The court committed error in admitting the testimony of Thompson and Evans that was objected to by appellant. *Benedict v. Davis*, 2 McLean, 347; Bates on Partnership, sec. 94.

*Merrifield W. Huff* for respondent.

(1) The evidence shows that the appellant was a partner of H. B. Burr. Appellant knew, at the time they were intending to form the partnership, that H. B. Burr was representing to others that there was a partnership existing and took no steps then or subsequently to correct this impression. *Rimel v. Hayes*, 83 Mo. 202; *Hahlo v. Mayer*, 102 Mo. 93; *Cole v. Butler*, 24 Mo. App. 76. (2) This case presents simply a question of fact which the trial court has passed upon, and the verdict will not be disturbed because of the contradictory testimony. *Mulford v. Cæsar*, 53 Mo. App. 263; *Doud v. Reid*, 53 Mo. App. 555.

BIGGS, J.—The plaintiffs sued the defendants, H. B. and George C. Burr, for goods sold and deliv-

ered.   It was alleged that at the time of the sale of the goods the defendants were, and for some time previous thereto had been, conducting a gents' furnishing goods business in the city of Dallas, Texas, under the firm name of H. B. Burr & Bro.   H. B. Burr made no defense. George C. Burr filed a separate answer under oath, in which he put in issue the alleged existence of a partnership between him and his brother.   This was the only issue tried.   The court, sitting as a jury, found in favor of the plaintiffs, and a judgment was entered against both defendants for the amount of the claim. George C. Burr only has appealed.

Against the objection of the appellant, the court permitted the deposition of C. C. Rainwater, one of the plaintiffs, to be read in evidence.   The witness testified substantially that, when H. B. Burr commenced business in Dallas, he applied to the plaintiffs for the purchase of goods; that he stated that he and his brother, George C. Burr, had formed a copartnership, and were about to commence business in the city of Dallas, Texas, under the firm name of H. B. Burr and Bro.; that upon the faith of these representations the plaintiffs commenced to sell goods to the firm, and so continued, without notice of any change in the firm, until H. B. Burr made an assignment in May, 1887. Further on, in the deposition the witness said: "George C. Burr was in our place of business several times during the period in which the business was being conducted under the name of H. B. Burr & Bro.   I several times said to him 'How are you getting along at Dallas?' 'How is business in Dallas?' and the like inquiries; to which he made answers to the effect that the business was good, or the like."

At the time the alleged partnership was formed, and for some time thereafter, the defendant, George C. Burr was employed as a paying teller in the Boat-

men's bank in the city of St. Louis. There was a by-law of the bank, prohibiting any clerk from engaging in outside business. William H. Thompson, the president of the bank, testified: "Learning that Burr had an interest at Dallas, Texas, I called his attention to this by-law, and, according to my best recollection (but I won't be positive), he stated that he had an interest in business there. I told him in substance that he could readily see that one or the other would have to be abandoned—his business there or his clerkship here, and he decided, as I recollect, to abandon the former, but I am not positive. He afterwards told me he had done so, and that he no longer had any interest in the business, and that his only connection there then consisted in money loaned to his brother to carry on the business. This is my recollection, but I can't state positively as to the above statement."

Two days after the assignment by H. B. Burr, William L. Evans had a conversation with George C. Burr touching his relationship to the firm. The witness said: "I asked him (George C.) how it was that the assignment was made in the name of H. B. Burr as an individual; he said, because he was not a partner. I then asked him when he withdrew from the business; he hesitated, and said, that really he never had been a partner. Somewhere in the conversation I asked the question why he withdrew, and his reply was that Mr. Thompson objected to his having any outside connection, * * * I asked him, also, how much money he had put into that concern; he said about eighteen hundred dollars. I asked him if he had withdrawn any of that money; he said he had not. I asked him if his brother had either given him any note or paid him any money out of the concern, or given him a note for that eighteen hundred dollars that he had paid in there, and he said he had not."

There was also testimony to the effect that, when H. B. Burr commenced the business, the firm name, "H. B. Burr & Bro.," and also the individual names of himself and brother appeared on the bill and letter heads of the concern, and George C. Burr admitted that he was in Dallas some time after the business was started, and that he saw the signs, "H. B. Burr & Bro." over the front door of the store where his brother was conducting the business.

The exception to that portion of the deposition of Rainwater, in which is stated the declaration of H. B. Burr in reference to the business of the firm and the persons composing it, must be overruled. If the admission of the testimony had not been followed by evidence *aliunde* of the partnership, the action of the court would have been clearly prejudicial. The rule is established in this state and in many other jurisdictions that after the party, who has alleged a partnership, has introduced substantial evidence that the party sought to be charged was a member of the firm, the declarations and admissions of the other members in reference to the business of the concern are admissible on the score of agency. *Campbell v. Dent*, 54 Mo. 325; *Folk v. Wilson*, 21 Md. 538; Collyer on Partnership, [6 Ed.], sections 454, 702, 775; Bates on Partnership, section 321; *McCann v. McDonald*, 7 Neb. 305; *Hilton v. McDowell*, 87 N. C. 364. That there was ample evidence tending to prove that the appellant was a member of the firm cannot he controverted. Nor can it make any difference that no such proof had been adduced at the time the deposition of Rainwater was offered in evidence. (*Campbell v. Dent, supra.*) The deposition itself contained substantial evidence of the controverted fact, which rendered the entire deposition competent evidence at the time it was offered.

The case of *Rimel v. Hayes*, 83 Mo. 200, is not applicable, for the reason that there was no evidence of the actual existence of a partnership. The liability of of the defendants was made to depend upon an alleged "holding out" that they and one Smith were partners. The court allowed the declarations of Smith that the defendants were his partners to be proved, which the supreme court properly held to be error.

We will, therefore, overrule the first assignment.

The appellant at the close of the plaintiff's evidence, and also at the close of all the evidence, asked the court to instruct that, under the law and evidence, there could be no recovery against him. The court refused both instructions, and this is assigned for error. No other instructions were asked or given.

The appellant denied *in toto* the conversations testified to by Rainwater. He also stated that, at the time he had the conversation with the president of the Boatmen's bank, he was only considering the advisability of going into the business with his brother; and that when his attention was called to the by-law of the bank, he determined not to, and did not go into the firm. He also substantially contradicted the testimony of Evans. However, he admitted that he loaned his brother eighteen hundred dollars just before he commenced business, and that he had not taken a note or other writing as evidence of the loan. He also admitted that he was in Dallas while his brother was conducting his business, that he saw the sign, H. B. Burr & Bro., over the front door of his store room, and that he called for no explanation.

It thus appears that we have a sharp and substantial conflict in the evidence bearing on the only issue of fact that was tried. In such a case we cannot interfere. To do so, we would have to hold that the conclusion reached by the trier of the fact could not in

reason be true. Mulford v. Cæsar, 53 Mo. App. 263. This assignment will likewise be overruled.

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.