NELLIE B. WEEKS ET AL. V. PALMER DEPOSIT BANK.

FILED APRIL 5, 1895. No. 5476.

Partnership: EVIDENCE OF MEMBERSHIP. Where it was sought to hold the defendant liable as a member of a partnership firm, the mere statements, of one who claimed to be acting for, and as a member of, said firm were not competent to establish the disputed partnership relation.

ERROR from the district court of Merrick county. Tried below before MARSHALL, J.

*John Patterson* and *Webster & White,* for plaintiffs in error.

*Webster, Rose & Fisherdick* and *Meiklejohn & Thompson,* contra.

RYAN, C.

This action was brought in the Merrick county district court by the Palmer Deposit Bank against James C. Weeks

and Nellie B. Weeks on certain guaranties of notes signed by Weeks & Co. James C. Weeks made no defense. By Nellie B. Weeks the contention was that she was not a member of the firm of Weeks & Co. at the time the aforesaid guaranties were made, and that this fact was known to the said banking firm. She had been, without question, a member of the firm of Weeks & Co. while that firm transacted a mercantile business at Palmer, which was from some time in 1887 until about the first of March, 1888. About the date last named the stock at Palmer was closed out and James C. Weeks opened another store at Cushing, and there conducted a merchandising business under the name of Weeks & Co., and, while doing so, transferred to the aforesaid bank certain promissory notes on each of which there was a written guaranty signed "Weeks & Co." On a trial had there was a verdict against Nellie B. Weeks for $196.93, on which judgment was duly rendered. To reverse this judgment she prosecutes error proceedings to this court.

The evidence tending to establish the liability of Mrs. Weeks upon the above guaranty was not very direct. It was shown that she was a member of the firm of Weeks & Co. while that firm was in business in Palmer; that the husband of Nellie B. Weeks and herself constituted the firm of Weeks & Co. at Palmer, where the business was managed for the most part by James C. Weeks. When this store was opened at Cushing there was no change in the manner of keeping the account of Weeks & Co. with the defendant in error. James C. Weeks made deposits to the credit of Weeks & Co. and drew money on checks signed Weeks & Co. by him.

W. C. Batty, a member of the banking firm doing business under the name of the Palmer Deposit Bank, was examined as a witness and testified that the reasons that the said bank had for believing that Mrs. Weeks was a member of the firm of Weeks & Co. at Cushing were, as the

witness expressed it: "The representation they made when they came to Palmer to us as Weeks & Co., of which I have spoken, and the fact that the stock was moved from Palmer from Weeks & Co.'s store at Palmer to Weeks & Co.'s store at Cushing, and the fact we had never received any notice of dissolution, account kept in the same way, deposits came down by express, they borrowed money the same way as Weeks & Co., the notes Mrs. Weeks signed as she had the Palmer business, they in that way held out every representation they were Weeks & Co."

Mrs. Weeks in her testimony denied that the firm of which she had been a member at Palmer removed any portion of its stock to Cushing; denied that she had any knowledge of money being borrowed by Weeks & Co. for its business at Cushing; denied that she knew that an account was still kept with the bank in the name of Weeks & Co., and, in general, it may be said, denied that she was a member of a firm of Weeks & Co. at Cushing, or had ever done or knowingly permitted anything to be done which would countenance that idea. For the purpose of showing that in fact Mrs. Weeks was a member of the firm of Weeks & Co. in its business at Cushing there were permitted to go in evidence, over proper objections, three letters written by James C. Weeks without the knowledge or assent of his wife, as we must assume, for she so testified, and there was no attempt on this point to offer contradictory evidence of any character. These letters were as follows:

"CUSHING, NEB., May 31, 1888.

"*Hargreaves Bros., Lincoln, Neb.*—GENTLEMEN : Inclosed find our check No. 268, for invoice March 31st in full, $38.18. Please credit same and oblige,

"Yours truly,          WEEKS & CO."

"PALMER, NEB., August 20, 1888.

"*Burdett, Smith & Co., Chicago, Ill.*—GENTLEMEN : Yours of August 16th to hand, and in reply will say you

can ship us the pattern 88.   Weeks & Co. of Cushing and Palmer are as one.   The Cushing store is a branch of Palmer store.

"Yours truly,                    WEEKS & Co."

"PALMER, NEB., May 7, 1888.

"*Hargreaves Bros., Lincoln, Neb.*—GENTLEMEN: Please ship us to our store at Cushing one medium sized bunch bananas, and oblige,

"Yours truly,                    WEEKS & Co."

There is no pretense that the above letters in any way influenced the bank in extending credit to Weeks & Co. at Cushing, or that their existence was ever known to said bank.   The letters, therefore, if at all competent, were admissible, because they afforded direct evidence that Mrs. Weeks was in fact a partner in the business being carried on at Cushing.   The rule applicable is thus stated in *Converse v. Shambaugh*, 4 Neb., 376: "When the existence of the partnership is admitted or otherwise established, the admission of one of the partners as to any matter between the firm and another party is to be received as evidence against all the partners.   But where the existence of the partnership is denied and there is proof to establish its existence, then the admission of a party that he is a partner affects him alone and such admission is no evidence of the existence of the partnership so as to create a liability against the others. (*McPherson v. Rathbone*, 7 Wend. [N. Y.], 216; *Nelson v. Lloyd*, 9 Watts [Pa.], 22; *Cottrill v. Vanduzen*, 22 Vt., 511.)"   In *McCann v. McDonald*, 7 Neb., 305, it was held that the statement of one claiming to be a partner, as to who were partners, bound no one but himself in the absence of independent proof of the existence of the partnership relation.   The same rule governs as does where the question involved is whether or not one who purports to speak for another is in fact his agent.   In *Norstrum v. Halliday*, 39 Neb., 828, it was said: "The testimony of the agent, where not upon other grounds incompetent,

is admissible to prove his authority, but his mere acts or declarations not brought home to the principal or ratified by the principal are not admissible." This case has been followed in *Burke v. Frye*, 44 Neb., 223, filed at this term.

There was evidence from which it might be inferred that part of the stock was removed from Palmer to Cushing and became part of the stock at the latter place. This was positively denied by Mrs. Weeks. Under these circumstances unauthorized statements, such as were contained in the above letters signed in the name of a firm, of which Mrs. Weeks testified she had previously ceased to be a member, could not but have had an effect upon the minds of the jurors, adverse to her contention in this respect. In the absence of proof of authority on the part of her husband to bind her, the above cases go to the extent of holding that such authority not being allowed to rest upon mere presumption, must be deemed to have no existence, and, therefore, it results that the statements in these letters which tended to show that Mrs. Weeks was in fact a member of the firm of Weeks & Co. at Cushing were incompetent.

Other assignments of error are urged, but since the questions discussed are not at all likely to again arise they need not be considered. The judgment of the district court is reversed.

REVERSED AND REMANDED.

Post, J., not sitting.