AUSTIN H. WEIR ET AL. V. ILLINOIS NATIONAL BANK OF SPRINGFIELD.

FILED JUNE 3, 1896.   No. 6684.

Partnership: EVIDENCE. Where it is sought to hold the defendant liable as a member of a partnership firm, the mere statements of one who claimed to be acting for and as a member of such firm are not competent to establish the disputed partnership relation.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*Deweese & Hall*, for plaintiffs in error.

*Field & Holmes, contra.*

RYAN, C.

There was on March 27, 1893, a judgment on a verdict in favor of the defendant in error in the district court of

Lancaster county for the sum of $4,944.44 against the Badger Lumber Company, Austin H. Weir, and A. H. Weir & Co. To reverse this judgment this error proceeding is prosecuted.

The note upon which suit was brought was bought by and indorsed to the defendant in error and was in the following language:

"$4,730.00.                    CHICAGO, January 23, 1892.

"Three months after date we promise to pay to the order of S. A. Brown & Co. forty-seven hundred and thirty dollars at their office, at room 953, 'The Rookery,' Chicago, Ill.                    A. H. WEIR & CO."

It was alleged in the petition that A. H. Weir, the Badger Lumber Company, and Alfred Toll constituted the above named partnership firm of A. H. Weir & Co. at the time the note was executed. The Badger Lumber Company, a corporation, by its separate answer, denied each of the averments of the petition with reference to its being a member of the firm of A. H. Weir & Co. It was shown by the evidence, and not disputed, that Austin H. Weir, unquestionably a member of the firm of A. H. Weir & Co., attached the name of that firm to the note in suit. To establish the allegation that the Badger Lumber Company was a member of this firm Mr. Smith, the president of the bank, was permitted, over proper objections, to testify that Austin H. Weir had said to him after the maturity of the note, that "the Badger Lumber Company were his partners." The testimony of C. T. Boggs and F. M. Blish, over proper objections, was admitted to the same effect. It has been held by this court that where it has been sought to hold the defendant liable as a member of a partnership firm, the mere statements of one who claimed to be acting for, and as a member of, said firm were not competent to establish the disputed partnership relation. (*Weeks v. Palmer Deposit Bank*, 44 Neb., 684, and authorities therein cited.) Over proper objections there were given in evidence two re-

ports of a commercial agency, in which there were recited the statements of Mr. Weir that the Badger Lumber Company constituted the "Co." in the firm name of A. H. Weir & Co. Having held that Mr. Weir's mere statement was inadmissible as against the Badger Lumber Company, it is probably unnecessary to say that a statement of his statement, neither being under the sanction of an oath, is likewise incompetent. There seems to have gained some credence the proposition that a commercial agency performs such functions in the business world that its communications are entitled to receive peculiar consideration. It may be that these agencies are very important factors, and yet this should not justify the overturning of established and salutary rules of evidence.

It is possible that it is unnecessary to refer to the eighth instruction given by the court, but, for reasons hereinafter to be given, it probably is best that it should be noticed. It was in this language: "If you find from the evidence that Austin H. Weir, as a member of the firm of A. H. Weir & Co., stated at the time the note sued on was given that the Badger Lumber Company was a member of said firm, you are instructed, as a matter of law, that such evidence would be sufficient to warrant you in finding against said Badger Lumber Company, as a member of said firm." It has already been said that the statement of Mr. Weir was not admissible as evidence that the Badger Lumber Company was a member of the firm of A. H. Weir & Co. The above instruction was, however, that as a matter of law this result existed. The statement of Mr. Weir was not a matter of law. It was mere evidence, if anything, and, as we have already held, it was incompetent. In so far as A. H. Weir & Co. and A. H. Weir are concerned, the judgment must be affirmed, for they made no question as to its correctness as to them in their motion for a new trial, except that it was excessive in amount and this was not well founded. The judgment of the district court against the Badger Lumber Company is reversed, that against Austin H.

Weir and A. H. Weir & Co. is affirmed, and the cause is remanded for further proceedings.

JUDGMENT ACCORDINGLY.